**MISSION OAKS MOBILE HOME PARK, Plaintiff,**

**v.**

**CITY OF HOLLISTER, et al., Defendants.**

**No. C 91–20733 JW.**

United States District Court, N.D. California.

March 30, 1992.

**1118**

Robert S. Coldren, James M. Trush, Hart, King, & Coldren, Santa Ana, Cal., for plaintiff.

John H. O'Brien, City of Hollister, Hollister, Cal., for defendants.

---

SECOND AMENDED ORDER FOR PUBLICATION GRANTING DEFENDANTS' MOTION TO DISMISS

WARE, District Judge.

## I. INTRODUCTION

Plaintiff Mission Oaks, an owner of a mobilehome park in the City of Hollister, brought suit in federal court challenging the City of Hollister's mobilehome park rent control ordinance. Mission Oaks previously filed a challenge to the rent control ordinance in state court alleging the same state and federal constitutional and § 1983 violations.

Defendants, City of Hollister et al., move for dismissal on the grounds that the pending action in state court duplicates the instant action, that the state suit was filed prior to the filing in federal court and that there have been substantial proceedings in the state court. Defendants maintain that dismissal is appropriate under the doctrine of abstention and in order to avoid duplicative and piecemeal litigation.

For the reasons discussed below, the Court GRANTS Defendants' Motion to Dismiss on the grounds of *Younger* abstention.

## II. BACKGROUND

### A. STATE COURT PROCEEDINGS

Mission Oaks filed an action in San Benito County Superior Court in September 1990, challenging the City of Hollister's Mobilehome Park Rent Control ordinance. Plaintiff alleged the following causes of action: inverse condemnation; denial of procedural due process; violation of equal protection; preemption; unconstitutional special tax; violation of 42 U.S.C. § 1983; preliminary and permanent injunction; declaratory relief; writ of mandate for general plan invalidity.

In February 1991, Mission Oaks filed a petition with the Hollister Rent Commission for a rent increase pursuant to the hearing process set forth in the Ordinance. Plaintiff was granted an increase in a lesser amount than had been requested. On July 12, 1991, Plaintiff filed a Petition for Writ of Mandate in the Superior Court challenging the Rent Commission's decision. Plaintiff alleged that the Commission failed to make the necessary findings and that the evidence did not support the Commission's decision.

On July 11, 1991, Plaintiff filed a Motion for Summary Judgment on its claims that the Ordinance violated Plaintiff's rights to procedural due process and equal protection and that the Ordinance constituted a special tax. (*See* Defs.' Req. Judicial Notice, Ex. C).

On October 1, 1991, subsequent to the Ninth Circuit's decision in another chal-

lenge to a mobilehome park rent control ordinance, *Sierra Lake Reserve v. City of Rocklin*, 938 F.2d 951 (9th Cir.1991), Mission Oaks filed in the state court a "Reservation to Litigate Federal Claims in the United States District Court." Defendants moved to strike the "Reservation."

At a hearing on October 22, 1991, the Superior Court denied the Plaintiff's summary judgment motion, and Defendants' motion for judgment on the pleadings as well as Defendants' motion to strike the Reservation. The judge did not rule on the legal effect of the Reservation. (Defs.' Mem. P. & A. Supp. Mot. Dismiss at 9).

Approximately two months later, on December 20, 1991, a hearing was held on Plaintiff's Writ challenging the Rent Commission's decision on Plaintiff's rent increase request. The Court denied the Writ, finding that "substantial evidence" existed for the Commission to make its decision. (Pl.'s Opp'n Mot. Dismiss at 5).

The trial in Superior Court is scheduled to begin in May 1992.

## B. FEDERAL COURT PROCEEDING

On October 30, 1991, Mission Oaks filed this action in District Court alleging the same claims as those in the state court action and an additional claim for substantive due process violation. Defendants now move for dismissal on the grounds of abstention and the policy rationale of avoidance of duplicative and piecemeal litigation. The Court notes that Defendants seek to cover all bases by arguing that any of the three established abstention doctrines as enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); and *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) are applicable. Additionally, Defendants contend that the Supreme Court's decision in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), holding that in exceptional circumstances federal courts may dismiss actions in order to avoid duplicative litigation, is equally appropriate.

For the reasons discussed more fully below, this Court finds that dismissal under the *Younger* abstention doctrine is appropriate.

## III. DISCUSSION

### A. NINTH CIRCUIT'S DECISIONS ON TAKINGS CLAIMS

Concurrently with Plaintiff's suit pending in state court, on July 9, 1991, the Ninth Circuit issued its decision in *Sierra Lake Reserve v. City of Rocklin*, 938 F.2d 951 (9th Cir.1991). That case also involved a challenge to a mobilehome park rent control ordinance. In his opinion, Judge Kozinski reviewed the question of ripeness of the takings claim and found that the plaintiff had demonstrated "its inability to 'obtain just compensation through an inverse condemnation action under any circumstances'" in state court. *Sierra Lake*, 938 F.2d at 955 (quoting *Austin v. City and County of Honolulu*, 840 F.2d 678, 680 (9th Cir.) *cert. denied*, 488 U.S. 852, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988)).

Judge Kozinski reasoned that because California courts had not followed the Ninth Circuit's holding in a previous takings claim case, *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir.1986) *cert. denied*, 485 U.S. 940, 108 S.Ct. 1120, 99 L.Ed.2d 281 (1988), plaintiffs making similar claims need not exhaust their state court remedies before proceeding in federal court. *Sierra Lake*, 938 F.2d at 954-55.

The *Hall* decision, also penned by Judge Kozinski, found that mobilehome park owners challenging a rent control ordinance had stated a takings claim based on the Supreme Court's holding in a physical takings case, *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982). However, subsequent opinions in state court suits have declined to follow that rationale. *See, Casella v. City of Morgan Hill*, 230 Cal.App.3d 43, 280 Cal.Rptr. 876, 881 (1991) ("We repudiate *Hall*'s attempt to bootstrap a mobilehome rent control ordinance—an

economic regulation—to the Supreme Court's very narrow holding in *Loretto*."); *See also, Yee v. City of Escondido,* 224 Cal.App.3d 1349, 274 Cal.Rptr. 551 (1990), *cert. granted in part,* — U.S. —, 112 S.Ct. 294, 116 L.Ed.2d 239, *and motion to consolidate denied,* — U.S. —, 112 S.Ct. 435, 116 L.Ed.2d 455 (1991), *and argued* Jan. 22, 1992.

Mission Oaks maintains that prior to *Sierra Lake* it was unable to bring suit in federal court because federal district courts routinely dismissed such claims on grounds of ripeness. Plaintiff urges the Court to adopt Judge Kozinski's view that state courts do not provide plaintiffs with an adequate opportunity to vindicate their constitutional claims.

In addition Plaintiff contends that the Reservation filed in the state court allows Mission Oaks to withdraw its federal constitutional and § 1983 claims from the state court proceeding.

As the Court's decision will illuminate further, this Court is not persuaded. The assumption that the court would dismiss on grounds of ripeness amounts to conjecture and sophistry. Mission Oaks had the opportunity to file originally in federal court but chose to proceed initially in state court.

## B.  ABSTENTION DOCTRINES

■ The abstention doctrines enunciated in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), are inapplicable in the present context. There is no complex state administrative procedure being challenged as required under *Burford* abstention. Nor is this a situation in which a state court ruling on state law would obviate the need for a ruling on the federal constitutional claims, as required in order for a court to abstain under *Pullman.*

■ Similarly, the Court does not find the existence of exceptional circumstances warranting dismissal in order to avoid duplicative and piecemeal litigation, as required for dismissal under the *Colorado River* doctrine. *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47. (discussing the elements necessary and factors to consider in determination of "exceptional circumstances" which warrant a dismissal by federal court.). *See also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25–26, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983) (stating that when considering dismissal under the *Colorado River* doctrine, courts are to "ascertain whether there exist 'exceptional' circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction.").

In this instance, the fact that Mission Oaks filed suit in federal and state court does not rise to the level of exceptional circumstances necessary for the Court to surrender its jurisdiction.

### 1.  *Younger Abstention*

■ In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings. This principle has been expanded to apply to pending civil actions between private litigants, and to administrative proceedings. *See, e.g., Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986).

In *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2520, 73 L.Ed.2d 116 (1982) the Supreme Court developed a three part test to determine when *Younger* abstention is appropriate: (1) the state proceedings are ongoing; (2) the proceedings implicate an important 'state interest; (3) the state proceedings provide an adequate opportunity to raise federal questions. *Middlesex,* 457 U.S. at 432, 102 S.Ct. at 2521.

The Ninth Circuit follows the three prong test. *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.,* 805 F.2d 1353, 1357 (9th Cir.1986). And as the court remarked in *Fresh Int'l Corp., "Younger* and its progeny espouse a strong federal

policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances." 805 F.2d at 1356. In the instant case, the Court finds that the three prongs of *Middlesex* are met and *Younger* abstention is appropriate.

### a) State Proceedings Are Ongoing

Mission Oaks initiated suit in state court over sixteen months ago. The state court has heard oral argument and made rulings on a summary judgment motion as well as Plaintiff's Writ Petition challenging the Rent Commission's action. Further, trial is set to commence in May 1992.

In contrast, the federal suit was filed only four and one-half months ago and this is the first matter the Court has had before it. Plaintiff has filed a claim, Defendant has not answered but has responded with this Motion to Dismiss. The Court has made no prior rulings on this matter. The federal court proceedings are still within the embryonic stage. *See, Hawaii Hous. Auth. v. Midkiff,* 467 U.S. 229, 238, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984) (citing *Doran v. Salem Inn,* 422 U.S. 922, 929, 95 S.Ct. 2561, 2566, 45 L.Ed.2d 648 (1975)).

Moreover, the Ninth Circuit has noted that in determining whether *Younger* applies, the "critical question is not whether the state proceedings are still ongoing but whether the state proceedings were underway before initiation of the federal proceedings." *Beltran v. California,* 871 F.2d 777, 782 (9th Cir.1988) (citing *Kitchens v. Bowen,* 825 F.2d 1337, 1341 (9th Cir.1987), *cert. denied,* 485 U.S. 934, 108 S.Ct. 1109, 99 L.Ed.2d 270 (1988)). *See also, Fresh Int'l Corp.,* 805 F.2d at 1358 (Abstention required only when the state proceedings have been initiated before any proceedings of substance on the merits have taken place in federal court) (quoting *Hicks v. Miranda,* 422 U.S. 332, 349, 95 S.Ct. 2281, 2291, 45 L.Ed.2d 223 (1975)).

As noted above, Plaintiff initiated its action in state court over a year ago. This present Motion is the first matter to be considered in federal court. Thus no proceedings on the merits have taken place in federal court and the Court concludes that the first prong of the *Middlesex* test has been met.

### b) Important State Interest

California has a state regulatory scheme regarding mobilehome parks. *See, e.g.,* Cal.Civ.Code § 798 et seq. (West 1982 & Supp.1992) (Mobilehome Residency Law); Cal.Govt.Code §§ 65863.7, 65863.8 (West 1983 & Supp.1992) (Zoning Regulations); § 66427.4 (West 1983 & Supp.1992) (Subdivisions, Maps, Conversion of Mobilehome Park).

Further importance of the regulation of mobilehome park rent is signified by the number of jurisdictions regulating rent: "Mobile homes rent controls exist in over 75 jurisdictions representing in excess of 35% of all mobile homes in this state." Werner Z. Hirsch & Joel G. Hirsch, *Legal–Economic Analysis of Rent Controls in a Mobilehome Context: Placement Values and Vacancy Decontrol,* 35 UCLA L.Rev. 399, 407–11 (1988).

Mission Oaks notes that newly constructed mobilehome parks are exempt from some of the state regulatory provisions and argues that this exemption indicates that mobilehome park rent control is not an important state interest. This is not persuasive. The fact is that the state legislature has enacted a range of provisions regulating the use, rental and zoning of mobilehome parks. The Court infers from this regulatory scheme that California has a substantial interest in enforcing and considering the constitutionality of mobilehome park rent control ordinances. *See, Fresh Int'l Corp.,* 805 F.2d at 1358–61 (noting Supreme Court's opinion in *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986), citing with approval courts' decisions finding important state interests to exist in broad range of circumstances).

### c) Adequate Opportunity to Raise Federal Claims

Mission Oaks initially chose to raise all of its constitutional claims in state court and filed the state lawsuit prior to attempting to obtain a rent increase pursuant to the

provisions of the Ordinance. Notwithstanding Judge Kozinski's provocative statement in *Sierra Lake*, 938 F.2d at 955, this Court concludes that Plaintiff has not established that the available state court procedure will not provide an adequate opportunity to challenge the Hollister rent control ordinance.

Another district court considering this issue in a motion to dismiss found that state court proceedings provide an adequate forum in which to challenge mobile-home park rent control ordinances. *Casella v. City of Morgan Hill*, No. 91–1034, 1991 WL 334912, 1991 U.S. Dist. LEXIS 14904 (N.D.Cal. Oct. 4, 1991), *petition for cert. filed*, 60 U.S.L.W. 3322 (U.S. Oct. 15, 1991). The *Casella* opinion noted that state court proceedings provided a "full and fair opportunity to litigate" federal claims in state court. *Casella*, No. 91–1034, 1991 WL 334912 at *3, 1991 U.S. Dist. LEXIS 14904 at *7.

*Casella* opined that the state appellate court in *Casella v. City of Morgan Hill*, 230 Cal.App.3d 43, 280 Cal.Rptr. 876 (1991), rendered a thoughtful opinion explicating its decision to decline to follow the Ninth Circuit's rationale in *Hall*, 833 F.2d 1270. The Court concurs with the *Casella* District Court's finding that prior to rejecting the arguments, the state appeals court gave meaningful consideration to the *Casella* plaintiffs' contentions that *Hall* was controlling precedent. *Casella*, No. 91–1034, 1991 WL 334912, at *3–4, 1991 U.S. Dist. LEXIS 14904, at *7–8.

Mission Oaks employs the same rationale regarding the effect of both *Hall* and *Sierra Lake* that the *Casella* plaintiffs did in their argument that *Hall* was controlling precedent. Mission Oaks asserts that Judge Kozinski's statement in *Sierra Lake* regarding state courts' refusal to follow *Hall* validates its argument that Mission Oaks has no adequate opportunity to raise federal claims in state court.

However, as *Casella* noted in its review of the argument, while United States Supreme Court decisions are binding on state courts, federal appeals court decisions are persuasive, not controlling precedent. *Ca-*

*sella*, No. 91–1034, 1991 WL 334912, at *4, 1991 U.S. Dist. LEXIS 14904, at *10 (citing 9 Witkin, *California Procedure* Appeal § 779 at 750 (3rd ed. 1985)). In rejecting the application of the rationale justifying a physical takings claim to a challenge to a rent control ordinance (i.e., a "regulatory taking"), the state appeals court distinguished *Hall* from *Loretto*, 458 U.S. 419, 102 S.Ct. 3164, in a reasoned manner. *Casella*, No. 91–1034, 1991 WL 334912 at *3–4, 1991 U.S. Dist. LEXIS 14904 at *7–8.

Additionally, as Mission Oaks acknowledged at oral argument, the state court in the present action will be bound by the Supreme Court's decision in a similar challenge to a local rent control ordinance which was recently argued before the Supreme Court. *Yee v. City of Escondido*, 224 Cal.App.3d 1349, 274 Cal.Rptr. 551 (1990), *cert. granted in part*, —— U.S. ——, 112 S.Ct. 294, 116 L.Ed.2d 239, *and motion to consolidate denied*, —— U.S. ——, 112 S.Ct. 435, 116 L.Ed.2d 455 (1991), *and argued* Jan. 22, 1992.

Therefore, the Court concludes that the state court proceeding provides Mission Oaks with an adequate forum within which to pursue its federal claims.

Finally, while *Younger* abstention usually does not apply in situations in which the federal plaintiff is also the plaintiff in state court, *Fresh Int'l Corp.*, 805 F.2d at 1360 n. 8, the Court here finds *Younger* applicable. Mission Oaks has in effect sought to "shield" itself from unfavorable state court decisions on takings law. *See, Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 30 (6th Cir.1984) (*Younger* abstention appropriate where state court plaintiffs "attempting to use federal courts to shield themselves from state court enforcement efforts."). In the instant case the Court finds that plaintiff has unsuccessfully argued that state court proceedings will not provide an adequate opportunity to raise its federal claims. *Younger* is controlling and the Court abstains from the action.

### 2. *Plaintiff's "Reservation" Not Applicable*

■ A reservation of litigation of federal claims is appropriate in *Pullman* absten-

tion situations where the federal court retains jurisdiction but parties are sent to state court to obtain ruling on a state law question. *England v. Louisiana State Bd. of Medical Examiners* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). *See also* Erwin Chemerinsky, *Federal Jurisdiction* § 12.3 1989 (discussing procedure to be used in *Pullman* abstention and applicability of *England* ). The instant case does not present such a situation.

Here, Mission Oaks filed a RESERVATION OF RIGHT TO LITIGATE FEDERAL CLAIMS IN THE UNITED STATES DISTRICT COURT with the state court prior to filing the present federal suit. The Reservation was filed approximately one year after Plaintiff brought suit in state court; after Plaintiff's Motion for Summary Judgment filed in state court and after consideration of the Plaintiff's Writ Petition challenging the Rent Commission's action. Thus the case had proceeded substantially prior to Mission Oaks determining it would file in federal court.

The Court concludes that Mission Oaks' *"England"* Reservation does not control in this situation. Plaintiff had the opportunity to file in federal court prior to filing in state court or at a point in time closer to the initiation of the state proceedings.

### IV. CONCLUSION

The Court concludes that abstention on *Younger* grounds is appropriate. Therefore, Defendants' Motion to Dismiss is GRANTED. Plaintiff's claims are DISMISSED.

Good Cause Appearing, IT IS SO ORDERED.