MISSION OAKS MOBILE HOME PARK, a California General Partnership, Plaintiff–Appellant,

v.

CITY OF HOLLISTER; Hollister Mobilehome Rent Commission, Defendants–Appellees.

No. 92–15692.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 1993.

Decided March 30, 1993.

Robert S. Coldren, Peter K. Rundle, Hart, King & Coldren, Santa Ana, CA, for plaintiff-appellant.

Henry E. Heater, Endeman, Lincoln, Turek & Heater, San Diego, CA, for defendants-appellees.

Before: D.W. NELSON, WIGGINS, and LEAVY, Circuit Judges.

WIGGINS, Circuit Judge:

Mission Oaks Mobile Home Park ("Mission Oaks"), a mobilehome park in Hollister, California, brought suit in federal court challenging the City of Hollister's ("City") Mobilehome Park Rent Control Ordinance. Mission Oaks had filed a challenge to the rent control ordinance in state court, alleging the same basic violations prior to filing the federal suit. The district court dismissed the federal suit on *Younger* abstention grounds. *Mission Oaks Mobile Home Park v. City of Hollister*, 788 F.Supp. 1117, 1118–22 (N.D.Cal.1992). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

## FACTS

Mission Oaks filed an action in state court in September, 1990, challenging the City's Mobilehome Park Rent Control Ordinance on several grounds. In February, 1991, Mission Oaks filed a petition with the Hollister Rent Commission to increase rent pursuant to the procedure outlined in the ordinance. The increase was approved but in an amount significantly lower than requested. In July, 1991, Mission Oaks filed a motion for partial summary judgment and, a day later, a petition for a Writ of Mandate challenging the Commission's decision. In October, 1991, Mission Oaks filed a "Reservation to Litigate Federal Claims in the United States District Court."

At a hearing on October 22, 1991, the superior court denied Mission Oaks's motion for summary judgment, the City's motion for judgment on the pleadings, and the City's motion to strike the reservation. Two months later, a hearing was held on the writ challenging the Rent Commission's decision, and the court denied the writ. The superior court set a trial date for May, 1992.

On October 30, 1991, Mission Oaks filed an action in federal district court, alleging essentially the same claims as in the state court action. The City of Hollister moved for dismissal on several grounds. The district court dismissed the case, concluding "that dismissal under the *Younger* abstention doctrine [was] appropriate." *Mission Oaks*, 788 F.Supp. at 1119.

## STANDARD OF REVIEW

Whether a case meets the requirements of a particular abstention doctrine is a question of law that we review de novo. *Gartrell Constr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir.1991) (reviewing a district court's dismissal of a case based on *Younger* abstention). Once we have determined that the requirements are met, we review the district court's actual decision to abstain only for an abuse of discretion. *See Privitera v. California Bd. of Medical Quality Assurance*, 926 F.2d 890, 895 (9th Cir.1991).

## DISCUSSION

*Younger* abstention embodies "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 2520, 73 L.Ed.2d 116 (1982). Under *Younger* and its progeny, " 'abstention is appropriate ... if (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions.' " *Beltran v. California*, 871 F.2d 777, 781 (9th Cir.1988) (quoting *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1357–58 (9th Cir.1986)).

The first prong requires that the state proceedings be ongoing. This requirement is met by showing that " 'the state proceedings were underway before initiation of the federal proceedings.' " *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir.1987), *cert. denied*, 485 U.S. 934, 108 S.Ct. 1109, 99 L.Ed.2d 270 (1988) (citation omitted). In this case, not only were the state proceedings underway before suit was filed in federal court, they were still

ongoing when the district court decided to abstain. The first prong is satisfied.

The second prong requires that the proceedings implicate important state interests. Mission Oaks contends that this prong is not met, relying primarily on the fact that rental rates are regulated by local ordinance rather than statewide law. We reject Mission Oaks's argument and conclude that important state interests are implicated in these proceedings.

The district court inferred that California has a substantial interest in enforcing and considering the constitutionality of mobilehome park rent control ordinances from the fact that the state has regulated mobilehome parks extensively. *Mission Oaks,* 788 F.Supp. at 1121. While Mission Oaks argues that the decision to allow local governments substantial control over mobilehome park rental rates evinces lack of an important "state" interest, we disagree. It may well be that the state has determined that local government action will best address the problem as it exists in each community. Moreover, we believe that the district court was correct in finding that "California has a substantial interest in enforcing and considering the constitutionality of mobilehome park rent control ordinances." *Id.; cf. Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 625–29, 106 S.Ct. 2718, 2721–24, 91 L.Ed.2d 512 (1986) (indicating that a wide range of interests qualify as important state interests for purposes of *Younger* abstention); *Fresh Int'l Corp.,* 805 F.2d at 1358 (also indicating that many varied interests satisfy the second prong of the *Younger* analysis). The second prong is satisfied.

The third and final prong requires that the state proceedings provide an adequate opportunity to raise federal questions. Relying on this court's decision in *Sierra Lakes Reserve v. City of Rocklin,* 938 F.2d 951 (9th Cir.1991), *vacated,* — U.S. —, 113 S.Ct. 31, 121 L.Ed.2d 4 (1992), Mission Oaks argues that California courts provide an inadequate forum in which to raise a federal "takings" claim.

We conclude, however, that *Sierra* is inapposite. In *Sierra,* this court considered whether a plaintiff challenging a mobilehome park rent control ordinance had to bring a claim in state court before a federal claim would be considered ripe. The court held that no state court action was necessary because the plaintiff would be unable to " 'obtain just compensation through an inverse condemnation action under any circumstances.' " *Id.* at 955 (citation omitted).

First, we note that the Supreme Court has vacated the *Sierra* decision. *City of Rocklin v. Sierra Lakes Reserve,* — U.S. ——, 113 S.Ct. 31, 121 L.Ed.2d 4 (1992). Second, *Sierra* neither arose nor was considered in the context of *Younger* abstention. Third, one of the principal reasons for the court's conclusion that California courts take "a dim view of takings claims based on rent control ordinances," *Sierra,* 938 F.2d at 955, was the state appellate court's refusal to follow this court's opinion in *Hall v. City of Santa Barbara,* 833 F.2d 1270 (9th Cir.1987), *cert. denied* 485 U.S. 940, 108 S.Ct. 1120, 99 L.Ed.2d 281 (1988), which the Supreme Court has subsequently overruled. *See Yee v. City of Escondido,* — U.S. ——, —— - ——, 112 S.Ct. 1522, 1526–29, 118 L.Ed.2d 153 (1992). Finally, we refuse to find that the courts of California are inadequate forums in which to raise federal takings claims. The Supreme Court has indicated that it will assume that state court proceedings are adequate "in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15, 107 S.Ct. 1519, 1528, 95 L.Ed.2d 1 (1987). Mission Oaks has failed to identify any such unambiguous authority. We are convinced, as was the district court, that the state courts will provide Mission Oaks an adequate opportunity to raise federal questions. *Mission Oaks,* 788 F.Supp. 1117. Thus, all the prongs of the *Younger* abstention doctrine are satisfied.

We must determine, then, whether the district court abused its discretion by abstaining. *See Privitera,* 926 F.2d at 895. Mission Oaks contends that this court's decision in *Lebbos v. Judges of Super. Ct., Santa Clara County,* 883 F.2d 810 (9th Cir.1989), indicates that the court did abuse

its discretion and that abstention was inappropriate in this case.

In *Lebbos,* this court held that abstention was inappropriate because the very nature of the proceedings in state court prevented the complaining party from fully pursuing his federal claims in that forum. *Id.* at 817. In addition, the court concluded that the federal proceedings would not interfere in any way with the ongoing state proceedings. *Id.* Here, however, the facts are different. Mission Oaks can fully assert and pursue its federal takings claims in the state action. Moreover, because both the state and federal cases involve takings issues, we believe that the federal proceedings in this case would interfere with the ongoing state proceedings. Both proceedings would be considering basically the same questions, the same evidence, and the same arguments, though under different theories of law. The rulings of the federal court on any particular issue could easily disrupt the state proceedings. Thus, we conclude that the *Lebbos* is inapposite and that the district court did not abuse its discretion.

 Mission Oaks attempted to reserve its federal claims for federal adjudication by filing a reservation of those claims in the state court over a year after the case was filed. We conclude that such a reservation is inappropriate in the context of *Younger* abstention. *See Beltran,* 871 F.2d at 783 n. 8 ("[W]hen *Younger* abstention applies, federal plaintiffs cannot reserve their federal claim from state court adjudication for later decision by the federal court.").

Finally, we reach the City's request for attorney's fees under Rule 38 of the Federal Rules of Appellate Procedure. Under that rule, we have discretion to award fees for the bringing of a frivolous appeal. We conclude that this case does not warrant such sanctions. While we disagree with most of Mission Oaks's arguments, the appeal was not frivolous. Even in the face of precedent, Mission Oaks is entitled to make a good faith argument for reconsideration of existing law. Mission Oaks's arguments may not have carried the day, but they certainly are not "wholly without merit." *See Wilcox v. Commissioner of Internal Revenue,* 848 F.2d 1007, 1009 (9th Cir.1988).

AFFIRMED.