10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter ROSS; Powell Accessory Company, Inc., Plaintiffs-Appellants,
v.
The CREEK COMPANY, LTD., Defendant,
and
Frank J. Dykas, Real-party in-interest--Appellee.
 No. 92-35274.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided Nov. 23, 1993.
 
 1
 Before: REINHARDT, BRUNETTI, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 INTRODUCTION
 
 3
 Peter Ross and the Powell Accessory Company appeal the district court's denial of Ross's motion for sanctions against Frank Dykas (attorney for The Creek Co., Creek and Bird) under 28 U.S.C. Sec. 1927 and Fed.R.Civ.P. 11 as well as for reference of Dykas to the Idaho State Bar Council for disciplinary proceedings under the Idaho Rules of Professional Responsibility. Appellants argue that the district court abused its discretion by failing to award sanctions against Dykas under 28 U.S.C. Sec. 1927 or to refer him to the Idaho Bar Council. They also contend that the district court failed to make a sufficiently clear ruling concerning their request for Rule 11 sanctions. Dykas, in turn, seeks attorneys fees and costs on appeal under Fed.R.App.P. 38. We affirm but decline to award Dykas attorneys fees and costs.
 
 
 4
 The district court did not abuse its discretion by declining to award sanctions under 28 U.S.C. Sec. 1927, since it was within the district court's discretion to find that competing affidavits and the credibility of the declarants failed to support an imposition of sanctions under Sec. 1927. See Maag v. Wessler, 993 F.2d 718, 719 (9th Cir.1993) (under the abuse of discretion standard, the court of appeals "cannot simply substitute [its] judgment for that of the [district] court").[1] Also, if the district court erred by declining to refer Dykas to the Idaho Bar, that error, if reviewable, would not mandate reversal. The error, if any, was harmless. See 28 U.S.C. Sec. 2111. Finally, the district court did indeed consider appellants' request for sanctions under Rule 11 and properly rejected it.
 
 
 5
 We deny Dykas' request for attorneys fees and costs on appeal. Although appellants' arguments lack merit, they are not so obviously lacking in merit as to be "frivolous." See Mission Oaks Mobile Home Park v. City of Hollister, 989 F.2d 359, 362 (9th Cir.1993) (declining to impose sanctions under Fed.R.App.P. 38 because even though appellants' arguments did not "carr[y] the day ... they certainly [were] not 'wholly without merit.' ") (citation omitted).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that sanctions were sought under the Idaho Rules, it follows mutatis mutandis that they would not be awarded either. Thus, it did not matter if the court had jurisdiction to impose those sanctions or not