17 F.3d 395
 RICO Bus.Disp.Guide 8481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PREFERRED COMMUNICATIONS, INC., Plaintiff-Appellant,
Robert M. Bramson, Appellant,
v.
CITY OF LOS ANGELES; Department of Water and Power,
Defendants-Appellees.
 No. 91-56018.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1993.
Decided Jan. 7, 1994.
As Amended on Denial of Rehearing and Rehearing
En Banc Feb. 24, 1994.
 
 Before: KOZINSKI, SILER* and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Preferred's counsel, Robert M. Bramson, appeals from the district court's imposition of sanctions for signing a pleading which included a RICO claim along with Preferred's other challenges to the city's cable franchising scheme. See CR 526; Fed.R.Civ.P. 11. We review the imposition of sanctions for abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 3
 A. Preferred's RICO claims are alleged at paragraphs 51-65 of its amended complaint. See CR 44. On their face, these allegations sound suitably sinister to constitute RICO claims--a mix of blackmail and extortion. See, e.g., id. at p 59 ("Defendants have attempted to force ... plaintiff to pay large sums of money ... by threatening to unlawfully injure plaintiff's existing property and business....")
 
 
 4
 In reality, however, these allegations describe nothing more than the city's franchising scheme, albeit in hyperbolic terms. In response to the city's summary judgment motion on the RICO claims, Preferred was able to produce nothing to support these claims other than documents describing the mechanics of city Ordinance No. 58,200, the cable franchising scheme and the 1982 Notice of Sale. See, e.g., CR 192 exh. 2 (internal memo regarding consultant for bid evaluations); id. exh. 3 (letter from consultant to city regarding bids); id. exh. 11 (city's evaluation of the highest responsible bidder for South Central franchise). As the non-moving party on summary judgment, Preferred was required to come forward with evidence to support claims on which it would bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It utterly failed to carry this burden, and the district court correctly granted summary judgment. CR 247.
 
 
 5
 In imposing sanctions on Bramson, the district court found that a reasonable inquiry by Bramson would have shown that the RICO claims "were not well grounded in fact." CR 526. In light of Preferred's failure to carry its summary judgment burden on this issue, we don't think this finding was clearly erroneous.d Unlike the parties, we think it unnecessary to speculate about whether the district court also believed the RICO claims were legally insufficient under United States v. Turkette, 452 U.S. 576 (1981). Given the district court's explicit finding that the claims were factually unsupportable, along with Preferred's failure to come forward with any evidence of racketeering, we construe the court's citation of Turkette in the summary judgment order as mere support for the proposition that the RICO claims were inadequate as a matter of fact. The imposition of sanctions was justified solely on this basis; whether the court also believed sanctions were warranted because the claims were inadequate as a matter of law under Turkette is an issue we do not reach.
 
 
 6
 B. Bramson also argues that the amount of the sanctions was excessive. Once the district court finds that counsel has violated Rule 11, the imposition of sanctions is mandatory. See Fed.R.Civ.Proc. 11 ("the court ... shall impose ... an appropriate sanction") (emphasis added). Rule 11 provides that an appropriate sanction "may include an order to pay to the other party ... the amount of the reasonable expenses incurred ... including a reasonable attorney's fee" incurred in defending against the frivolous claim.
 
 
 7
 Here, the district court ordered the city to document its reasonable attorney's fees and costs to defend against the RICO claims. CR 526 p 4. After the city submitted such evidence, the court considered whether they were reasonable in light of Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975). See CR 612 at 2-4. The district court reduced this amount for time the court found improperly documented, and ultimately imposed a sanction of $44,735 on Bramson. Id. at 4-5.
 
 
 8
 We have upheld much larger sanctions for violations of Rule 11, see, e.g., Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 559 (9th Cir.1986) ($294,141.10), and we cannot say the district court abused its discretion in setting Bramson's sanction.
 
 
 9
 C. Appellant's argument based on Lockary v. Kayfetz, 974 F.2d 1166 (9th Cir. 1992), is more persuasive.[1] We held "that the district court erred in including the defendants' attorneys' fees for preparing their motion for sanctions in the sanctions imposed." Id. at 1178. Similarly, the award here must be reduced by the amount attributable to such fees.
 
 
 10
 The City concedes that "$9,253 was attributable to the expense and fees incurred in bringing the Rule 11 motion," see Appellee's Submission of Additional Citations at 16, but Appellant quotes a larger figure, see Preferred Communications Inc.'s Submission of Additional Citation at 2-3. Because the district court is better suited to resolve this issue, we direct it to do so on remand.
 
 
 11
 D. As the panel is not unanimous regarding the merits of this appeal, we do not impose sanctions pursuant to F.R.A.P. 38.
 
 
 12
 The order imposing sanctions is AFFIRMED and the case is REMANDED for recalculation of the amount of sanctions.
 
 KLEINFELD, Circuit Judge, dissenting:
 
 13
 Bramson signed his amended complaint upon which the sanctions are based in July of 1985, eight years ago. RICO remains a difficult and often surprising area of the law, but was less clearly formed and more unpredictable then than now. While I agree that the RICO claim was not well founded, in my view the sanctions in this case chill advocacy of novel claims and are therefore inappropriate.
 
 
 14
 This was not a use of litigation as extortion, or an attempt to magnify the stakes in routine litigation. This was a frivolousness case, not an improper purpose case. See Townsend v. Holman, 929 F.2d 1358, 1362 (9th Cir.1991). Of course, the old pure heart, empty head defense was eliminated by the 1983 amendments to Rule 11. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 892 F.2d 802, 808 (9th Cir.1989). The majority opinion errs, though, in characterizing this as a case where the plaintiffs had no factual support for their RICO claim. The facts were not much at issue, and plaintiffs had factual support, if their legal theory had merit.
 
 
 15
 Mr. Farrow explains in his declaration that he is the person who decided to include the RICO claim, and did so as a result of twenty years of experience in cable television litigation. He had prevailed on novel claims unsupported by existing law in a Supreme Court case, Community Communications Co., Inc. v. City of Boulder, 455 U.S. 40 (1982), and a case from the D.C.Circuit, Telecommunications of Key West v. United States, 757 F.2d 1330 (D.C.Cir.1985). While his experience gives him no immunity from Rule 11 sanctions, the things he learned from it gave him some basis for his belief that the courts may accept new theories in litigation relating to this relatively new technology. He had concluded that municipal demands for "things such as fire engines,...." amounted to "extortion" rather than legitimate permit fees, much as "a city cannot require an applicant for a parade permit to contribute a fire engine." Farrow declaration at 5-6. The issue before the court was not whether he had evidence of some alleged but unproved extortion, but rather, whether the municipal permit conditions amounted to extortion.
 
 
 16
 The idea that government permit conditions could constitute extortion seems novel. But in another context, the Supreme Court quoted with approval a characterization of a state land use regulation as "an out-and-out plan of extortion." Nollan v. California Coastal Comm'n, 483 U.S. 825, 837 (1987). No doubt the suggestion that municipalities could violate the antitrust laws seemed novel before Community Communications Co. v. City of Boulder, 455 U.S. 40 (1982). At the time the complaint was signed, our decision in Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397 (9th Cir.1991), cert. denied, 112 S.Ct. 1168 (1992), had not been issued yet, so Preferred was not precluded from arguing that a municipality itself could be a RICO enterprise. Individuals in association with each other and a government agency could constitute a RICO "enterprise." United States v. Dischner, 974 F.2d 1502, 1511 (9th Cir.1992).
 
 
 17
 Sedima, S.P.R.L. v. Imerex Co., Inc., 473 U.S. 479 (1985), had just come down when the complaint was drafted. Farrow read it, as did much of the bar, to "dramatically expand" RICO. Mr. Farrow says that he had argued a similar RICO theory in a case which settled after a conference before a United States District Court judge in the Central District of California. Farrow declaration at 7. In the course of the conference, the judge had told the parties that he would have denied the motion to dismiss the claims. Mr. Farrow relied upon this view of the judge, and the absence of published decisions foreclosing his argument, for his belief that he had a chance to prevail on the RICO claim. He had a sufficient basis for what Rule 11 calls a "good faith argument for the extension" of RICO law to these facts.
 
 
 18
 We are cautioned by the Advisory Committee on Rule 11 not to use it to chill creative advocacy.
 
 
 19
 The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.
 
 
 20
 Fed.R.Civ.Proc. 11, advisory committee's note. In this case, the RICO claim was certainly creative, and in my view, without merit. Nevertheless it was not "frivolous, legally unreasonable, or without factual foundation." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986).
 
 
 21
 Of course illegitimate demands by government officials for money as a condition of permitting constitutionally protected activity could violate RICO. Cf. United States v. Dischner, 974 F.2d 1502 (9th Cir.1992) (RICO prosecution of Mayor's advisors for demanding kickbacks), cert. denied 113 S.Ct. 1290 (1993); United States v. Bagnariol, 665 F.2d 877 (9th Cir.1981) (RICO prosecution of state legislator involved in scheme to bring legalized gambling to Washington); United States v. Kovic, 684 F.2d 512 (7th Cir.) (RICO prosecution of police official for falsifying work orders and invoices), cert. denied, 459 U.S. 972 (1982); United States v. Angelilli, 660 F.2d 23 (2nd Cir.1981) (RICO prosecution of marshals who fraudulently conducted auctions), cert denied, 459 U.S. 972 (1982); United States v. Frumento, 563 F.2d 1083 (3rd Cir.1977) (RICO prosecution of Pennsylvania Revenue Bureau officials who helped smuggle in untaxed cigarettes).
 
 
 22
 As we have recognized before, sanctioning novel legal theories will have chilling effects on legitimate advocacy. Ault v. Hustler Magazine, Inc., 860 F.2d 877, 883-884 (9th Cir.1988), cert. denied, 489 U.S. 1080 (1989); Lockary v. Kayfetz, 974 F.2d 1166, 1172 (9th Cir.1992), cert denied, 113 S.Ct. 23 7 (1993). In this case, Preferred's argument was novel, but gives the fluidity of RICO law, his arguments were a reasonable but unsuccessful attempt to expand RICO's reach.
 
 
 23
 We also should not award attorneys fees on appeal. Even if I were to agree with my colleagues on the RICO violation, I could not agree that the appeal was "wholly without merit." Mission Oaks Mobile Home Park v. City of Hollister, 989 F.2d 359, 362 (9th Cir.1993). Preferred properly lost on summary judgment. Even assuming that Mr. Bramson was properly sanctioned for the RICO portion of the complaint, it is a long step from that to the conclusion that Bramson should not even have brought the appeal. On appeal, all that Bramson had to show was that his RICO claim was "not so 'legally unreasonable or without factual foundation' that it warrant[ed] Rule 11 sanctions.' " Oliver v. United States, 921 F.2d 916, 923 (9th Cir.1990) quoting Rachel v. Banana Republic, Inc., 831 F.1d 1503, 1508 (9th Cir.1987). He did not have to show that his position was correct as a matter of law, or even that it was a reasonable and well founded mistaken theory.
 
 
 24
 We have reversed sanctions before where the legal theory, while not supported in the existing precedents, was a not "wholly unreasonable" attempt to extend the law. Ault, 860 F.2d at 884; Lockary, 974 F.2d at 1173-74. The case for sanctions appears weaker in the case at bar than in Ault. We should not insulate Rule 11 sanctions awards from appeal in cases such as this one.
 
 ORDER
 Feb. 24, 1994
 
 25
 Before: KOZINSKI, SILER and KLEINFELD, Circuit Judges.
 
 
 26
 The panel amends the disposition by deleting the last paragraph and substituting the following:
 
 
 27
 Judges Kozinski and Siler vote to deny the petition for rehearing in all other respects: Judge Kleinfeld would grant it.
 
 
 28
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote thereon.
 
 
 29
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected. Fed. R. App. P. 35.
 
 
 
 [1]
 While Appellant did not raise this issue below, Appellee waived this objection by conceding that "if this Court follows Low Ball Cable and Lockary . . . the Rule 11 award should be reduced to $35,482." Appellee's Submission of Additional Citations at 17
 
 
 *
 The Honorable Eugene E. Siler, Jr., United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 d
 The self-serving declaration advanced by Harold R. Farrow in opposition to the sanctions order bears only on counsel's good faith belief in the strength of Preferred's RICO claims. See CR 317. The Rule 11 standard is an objective one; this declaration is therefore irrelevant. See, e.g., Zaldivar v. City of Los Angeles, 780 F.2d 823, 829 (9th Cir.1986)