29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Morris SILAS, Plaintiff-Appellant,
v.
Jim ROCHE, San Diego County Sheriff, El Cajon Mayor,
Director of Corrections, Geraldine Gurns, Channel 8 News,
Channel 10 News, County of San Diego, S. Anderson, L.L.
Moreno (O'Connor), Doug Moore, Jan Ronis, Daniel Neustrom,
Robert Sams, II, Lloyd Harmon, Jr., R.W. Robinson, Parole
Board of State of California, Board of Prison Terms,
Internal Affairs Sheriff's Dept., San Diego Sheriff's Dept.,
L. Declesis, El Cajon Superior Court, Michael McGlin,
Michael Grenburg, Victor Bianchini, Donald Meloche, Does, 1
through 20, inclusive, Defendants-Appellees.
 No. 93-55951.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 26, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Morris Silas, a former California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Secs. 1983, 1985(3) civil rights action alleging that his civil rights were violated by the San Diego County Sheriff's Department, individual officers, court personnel, private counsel, television stations, and others in relation to police raids on his home, destruction of property, and imprisonment for noncriminal activities. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Background
 
 3
 In a series of factually related complaints,[1] Silas brought actions under sections 1983 and 1985(3) alleging a wide ranging conspiracy between the police, the courts, the media, the California Department of Corrections, the California Parol Board, the Sheriff of San Diego County, the Mayor of El Cajon, and Silas's privately retained counsel to violated Silas's civil rights by concocting false criminal charges of sexual misconduct, charges to which Silas pled guilty.
 
 
 4
 In his complaints, Silas alleged a series of swat-team raids of his home, robbery, destruction of his personal property, and unlawful imprisonment for noncriminal activities. He also attempted to state a state law cause of action against KFMB Channel 8 and KGTV Channel 10 for defamation and intentional infliction of emotional distress. Finally, he alleged that defendants McGlinn, Neustrom, Ronis, and Harmon committed legal malpractice.
 
 
 5
 According to Silas's complaint, in 1976, Geraldine Gurns overdosed on drugs and visited him in the middle of the night. She stayed until Silas had to make her leave. A homicide detective subsequently called Silas and threatened to charge him with rape and attempted murder if Silas did not come down to the police station. Silas spoke with the detective and subsequently was charged with attempted rape. On the advice of counsel, Silas plead guilty to the lesser charge of assault and was sentenced to four years in custody. As a sex offender, Silas was forced to give a blood sample and to register as a sex offender upon release from prison. Because he is a registered sex offender, Silas alleges that he is unable to find gainful employment. Silas alleges that since these events, the sheriff's department has been breaking into Silas's home, robbing and ransacking the premises, battering Silas, and throwing him into jail on false rape charges.
 
 II. Discussion
 A. Section 1983 claims
 1. Res Judicata
 
 6
 Silas contends that the district court erred by dismissing his complaint against numerous defendants because this action was barred by res judicata. Under the doctrine of res judicata, a final judgment on the merits prevents a plaintiff from relitigating either claims that were or could have been litigated in the prior actions. See Nevada v. United States, 463 U.S. 110, 129-30 (1983). The plaintiff is also barred from relitigating issues of law or fact that were actually litigated and necessarily decided in the prior action, whether on the same claim or a different claim. See In re Duncan, 713 F.2d 538, 541 (9th Cir.1983).
 
 
 7
 We have reviewed the complaints in D.C. Nos. 91-1342, 91-1342, and 92-0422. We agree with the district court that Silas raised or could have raised in the prior actions all of the claims he raised in the present action. Accordingly, the district court did not err by finding that Silas's claims against Anderson, Bianchini, Bollman California Board of Prison Terms, Declesis-Ross, El Cajon Superior Court, Harmon, Mayor of El Cajon, Meloche, Moore, Neustrom, Roche, Ronis, Sams, San Diego County, San Diego Sheriff, San Diego Sheriff's Department of Internal Affairs were barred by res judicata. See id.
 
 2. Statute of Limitations
 
 8
 Silas contends that the district erred by dismissing his action as to defendants Grenberg, Gomez, and Moore because it was barred by California's one year statute of limitations. This contention lacks merit.
 
 
 9
 Section 1983 actions are governed by the forums state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 280 (1985). In California, the statute of limitations applicable to personal injury actions is one year. Cal.Civ.Proc.Code Sec. 340(3); Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989). For purposes of the statute of limitations, a cause of action accrues when the plaintiff knows or should have known of the injury which is the basis of his action. Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981).
 
 
 10
 Here, in his March 1992 complaint, Silas pled claims which accrued prior to January 1988. In his December 1992 "amended complaint," Silas pled claims which accrued in January and May 1991. Because his complaints were filed more than one year after his causes of action accrued, the district court properly found that these claims were barred by the statute of limitations.[2]
 
 B. Section 1985 Claims
 
 11
 Silas contends that the district court erred by dismissing his 42 U.S.C. Sec. 1985(3) claims. We disagree. In order to state a claim under section 1985, there must be some racial or class based invidiously discriminatory animus behind the conspirators' actions. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). A plaintiff who fails to allege racial or class-based discrimination cannot state a claim under section 1985(3). Burns v. County of King, 883 F.2d 819, 821 (9th Cir.1989). Here, Silas failed to allege that any of the defendants actions were motivated by a racial or a class based animus. Accordingly, the district court properly dismissed Silas's section 1985 claim. See id.
 
 C. State Law Claims
 
 12
 Silas also contends that the district court erroneously dismissed his pendant state law claims. The district court's order does not state whether the dismissal of his state law claims was with or without prejudice. Because we construe the district court's dismissal of Silas's pendant state law claims as a dismissal without prejudice, we affirm. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 651 (9th Cir.1984) (when federal law claims are dismissed the proper exercise of discretion is to dismiss pendant state law claims without prejudice).
 
 D. Sanctions
 
 13
 Appellee Schaumburg (Gurns) requests that this court award multiple-costs and attorneys' fees as a sanction against Silas for bringing a frivolous appeal. We deny Shaumburg's request for sanctions. Although Silas's arguments lack merit, they are not frivolous. See Mission Oaks Mobile Home Park v. City of Hollister, 989 F.2d 359, 362 (9th Cir.1993) (declining to impose sanctions because appellant's contentions were not wholly without merit), cert. denied, 114 S.Ct. 1052 (1994).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Silas has brought at least eight related suits in the Southern District of California
 
 
 [2]
 In his reply brief, Silas contends that the district court erred by dismissing these claims because the statute of limitations was tolled under Cal.Civ.P.Code Sec. 352(a). Because this court generally will not consider arguments raised initially in appellant's reply brief, this contention is deemed waived. See United States v. Bentson, 947 F.2d 1353, 1356 (9th Cir.1991), cert. denied, 112 S.Ct. 2310 (1992)