69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HAYWARD EXCHANGE, INC., a California corporation; John K.
Smith; Cynthia Kerwin Smith; Leo J. Parry; Roberta J.
Parry; City Center Condominiums, a General Partnership;
and City Center Condominiums II, a General Partnership,
Plaintiffs-Appellants,
v.
CITY OF OAKLAND, a municipal corporation; East Bay Regional
Park District, a special district; and Does 1
through 10, Defendants-Appellees,
 No. 94-15530.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted, Oct. 16, 1995.
Decided Nov. 1, 1995.
 
 1
 Before: PREGERSON and FERNANDEZ, Circuit Judges, and McLAUGHLIN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs-Appellants (collectively "Hayward") appeal from the district court's dismissal in favor of Defendants-Appellees City of Oakland ("City") and East Bay Regional Park District ("EBRPD"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 * Background
 
 
 5
 In 1986, Hayward acquired 132 acres of land in the Oakland area for development. On January 14, 1993, after much delay, the City Council revoked Hayward's development permit. Hayward contends that the entire environmental review process was an attempt to drive down the price so that the City and EBRPD could purchase the land to use as a park.
 
 
 6
 On April 13, 1993, Hayward filed an inverse condemnation suit in state court. On June 10, 1993, Hayward filed a complaint for taking and violation of due process in the district court. After the federal complaint was filed, the state court sustained demurrers brought by the City and EBRPD as to all causes of action for inverse condemnation.
 
 
 7
 On February 9, 1994, the district court dismissed[1] the federal action for lack of ripeness or, alternatively, under the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971).
 
 
 8
 Subsequent to the district court's dismissal, the state court's ruling as to EBRPD was affirmed by the California Court of Appeals, and the California Supreme Court denied review. However, Hayward's appeal of the state court's rulings as to the City is still pending before the California Court of Appeals.
 
 II
 Standard of Review
 
 9
 We review de novo the district court's ripeness determination. Dodd v. Hood River County, 59 F.3d 852, 857 (9th Cir.1995).
 
 
 10
 For Younger abstention, we first review de novo whether the legal requirements for abstention are met, then review for an abuse of discretion the decision to abstain. Mission Oaks Mobile Home Park v. City of Hollister, 989 F.2d 359, 360 (9th Cir.1993), cert. denied, 114 S.Ct. 1052 (1994).
 
 III
 Analysis
 A. Ripeness
 
 11
 In Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194 (1985), the United States Supreme Court held that a Fifth Amendment taking claim was not ripe until the governmental taking act had been finalized and the property owner had exhausted state remedies for just compensation. We determine ripeness at the time of appeal, not at the time of the district court's dismissal. Buckley v. Valeo, 424 U.S. 1, 113-14 (1976).
 
 
 12
 Here, Hayward filed its complaint in state court for administrative mandamus against the City and inverse condemnation against both the City and EBRPD. Hayward later filed its complaint in district court alleging violations of the Fifth Amendment taking clause and Fourteenth Amendment substantive due process. The state and federal court actions were pending simultaneously when the district court dismissed the federal action.
 
 
 13
 Because all state court proceedings are now completed as to EBRPD and ripeness is determined at the time of appeal, Hayward's Fifth Amendment taking claim against EBRPD is ripe. However, because the state court proceedings involving Hayward's inverse condemnation claim against the City remain pending and uncompleted, Hayward's Fifth Amendment taking claim against the City is unripe.
 
 
 14
 Hayward's Fourteenth Amendment due process claim does not require an inverse condemnation action in state court to become ripe. Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1404 (9th Cir.1989), cert. denied, 494 U.S. 1016 (1990) (procedural due process). It can be ripe upon the final administrative act by the City which occurred when the City revoked Hayward's development permit. There is no contention that further administrative review was available. Therefore, Hayward's Fourteenth Amendment due process claim was ripe at the time of the district court dismissal.
 
 B. Younger Abstention
 
 15
 Under Younger v. Harris, 401 U.S. 37 (1971), federal courts should dismiss a case if state court proceedings (1) are pending when the federal action is filed, (2) implicate important state interests, and (3) provide adequate opportunity to raise the federal claims. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).
 
 
 16
 In Mission Oaks, 989 F.2d at 361-62, we held that Younger abstention is appropriate in a taking case. Accordingly, if an inverse condemnation case is pending in state court and the property owner files Fifth Amendment taking and Fourteenth Amendment substantive due process claims in federal court, the district court may dismiss under Younger abstention. Id. Here, when the district court dismissed the federal action on February 9, 1994, both the state and federal actions were pending. Therefore, following Mission Oaks, we affirm the district court's dismissal of Hayward's case under the Younger abstention doctrine.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Linda Hodge McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court did not specify whether the dismissal was with or without prejudice. Therefore, it is considered to be without prejudice. Fed.R.Civ.P. 41(b)