108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OLD VAIL PARTNERS, Plaintiff-Appellant,
v.
COUNTY OF RIVERSIDE; City of Temecula, Defendants-Appellees.
 No. 96-55238.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1997.
Decided Feb. 10, 1997.
 
 1
 Before: BEEZER and KOZINSKI, Circuit Judges, and SHUBB,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 In addition to this federal action, appellant is pursuing identical claims against defendants in California state court. Because we are bound by "a strong federal policy against federal-court interference with pending state judicial proceedings," Mission Oaks Mobile Home Park v. City of Hollister, 989 F.2d 359, 360 (9th Cir.1993) (quoting Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982)), cert. denied, 510 U.S. 1110 (1994), appellant's complaint must be dismissed.[1]
 
 
 4
 Younger abstention is appropriate where "(1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions." Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1357-58 (9th Cir.1986). Each of these criteria is met: Appellant's parallel state action was filed on the same day as the federal complaint and is currently on appeal, see id. at 1358; "land use planning is a sensitive area of social policy," Sinclair Oil Corp. v. County of Santa Barbara, 96 F.3d 401, 409 (9th Cir.1996), that implicates "substantial" state interests, Mission Oaks, 989 F.2d at 361; and California state courts afford appellant "an adequate opportunity" to raise federal takings claims. Id.
 
 
 5
 Although the district court dismissed appellant's complaint without prejudice to the state court action, its dismissal on jurisdictional grounds will preclude appellants from returning to federal court. Because Younger abstention requires dismissal without prejudice, Beltran v. California, 871 F.2d 777, 782-83 (9th Cir.1989), the district court's opinion is VACATED, and the case is REMANDED with instructions to dismiss on Younger grounds. Each side shall bear its own costs.
 
 
 
 *
 The Honorable William B. Shubb, Chief United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court concluded it was barred by the Tax Injunction Act, 28 U.S.C. § 1341. Because resolving the case on abstention grounds is considerably easier than deciding this question, and because it will not affect the outcome of the case, we assume that we have subject matter jurisdiction. See United States v. Troescher, 99 F.3d 933, 934 n. 1 (9th Cir.1996)