787 F.2d 590
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NORMAN KELLY, Plaintiff-Appellant,
v.
WELTMAN, WEINBERG AND ASSOC. CO., ET AL., Defendants-Appellees.
 84-3211
 United States Court of Appeals, Sixth Circuit.
 3/6/86
 AFFIRMED
 N.D.Ohio
 ORDER
 
 1
 BEFORE: MILBURN and RYAN, Circuit Judges; and BERTELSMAN, District Judge.*
 
 
 2
 Plaintiff appeals from the district court order which applied the absention doctrine in dismissing plaintiff's 42 U.S.C. Sec. 1983 complaint wherein he challenged the constitutionality of Ohio's garnishment statutes, Ohio Revised Code Secs. 2716.01-2716.21. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 On August 10, 1983, plaintiff filed his complaint in which he alleged that Ohio's garnishment statutes violated the Due Process Clause of the Fourteenth Amendment because the statutes 'fail to provide sufficient notice and a prior opportunity to raise every available defense thereto.' The record reflects that plaintiff had filed a complaint in the state court on or about May 27, 1983, which asserted the same constitutional claim. The crux of the complaints is that plaintiff's wages had been improperly garnished to satisfy an obligation resulting from his divorce decree when he allegedly had already satisfied the obligation. The district court's order of dismissal, predicated on a motion to dismiss, determined that abstention was proper pursuant to Younger v. Harris, 401 U.S. 37 (1971) and Middlesex County Ethic's Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982). Plaintiff presents one issue for review: is there legitimate abstention under Younger, supra?
 
 
 4
 It appears that the district court was correct in its application of Younger, supra. In Crawley v. Hamilton County Com'rs, 744 F.2d 28 (6th Cir. 1984), this Court determined that when the federal plaintiff is also the plaintiff in the state court action, as here, and when the federal plaintiff is not attempting to use the federal court as a shield from state court enforcement actions, the Younger doctrine is inapplicable. Here, plaintiff is arguably attempting to use the federal court, as evidenced by his request for injunctive relief, to shield him from the state courts' enforcement of the garnishment orders. Furthermore, as in Younger, the basis for the federal relief claimed in the present case--an adjudication that the statutes on which the state court proceedings for garnishment are based are unconstitutional--would provide plaintiff with a defense to complying with the state court garnishment proceedings. See Crawley, supra.
 
 
 5
 If the application of the abstention doctrine enunciated in Younger and expounded in Middlesex County Ethics Comm., supra, is utilized, the following criteria are to be considered. (1) whether the state court has jurisdiction to determine the constitutional question, (2) whether the state court proceedings implicate an important state interest and (3) whether there is an adequate opportunity to rasise constitutional challenges in the state proceedings. Clearly the state court has jurisdiction to determine a constitutional challenge to a state statute. Ohio Revised Code Sec. 2305.01. Second, the state interest in the constitutional challenge to one of its statutes is certainly an important one, especially when the challenged statute is a vehicle by which a creditor collects its debts. Finally, plaintiff has been afforded an adequate opportunity to raise the constitutional challenge in the state court proceedings.
 
 
 6
 Furthermore, the present case clearly falls within one of the three general categories of cases where abstention is appropriate because this case presents a federal constitutional issue (due process) which might be mooted or presented in a different posture by a state court determination of pertinent state law--i.e. whether the garnishment statutes provide for adequate notice and opportunities to raise available defenses. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 813 (1976); Moses H. Cone Hospital v. Mercury Construction Corp., 400 U.S. 1, 14 (1983).
 
 
 7
 It appears that the questions on which this cause depends are so unsubstantial as to not need further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final judgment of the district Court is affirmed.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation