865 F.2d 1269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PHILLIP DINIACO & SONS, INC., Plaintiff-Appellant,
v.
MAX J. COLVIN & SONS TRUCKING, INC., Defendant-Appellee.
 No. 88-3202.
 United States Court of Appeals, Sixth Circuit.
 Dec. 23, 1988.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and RICHARD ENSLEN, District Judge.*
 
 
 2
 PER CURIAM. Plaintiff Philip Diniaco & Sons and defendant Max J. Colvin & Sons Trucking were involved in a business dispute. Colvin sued Diniaco in an Ohio state court. At the instance of Diniaco, the court stayed the action pending arbitration. An arbitration panel made a monetary award in favor of Colvin. When Diniaco failed to pay, Colvin filed a motion in the state court to confirm the award and reduce it to judgment. Diniaco then instituted proceedings in federal district court to vacate, modify, or correct the award. The federal action was dismissed by the district court, and Diniaco has appealed. We do not believe that the district court abused its discretion, and we shall therefore affirm the dismissal.
 
 
 3
 * On April 21, 1983, Colvin contracted with Diniaco to haul fill material from a gravel pit to a construction site in Marietta, Ohio. The parties used the Associated General Contractors of America's standard form of subcontract agreement. Article X of the agreement provided, in pertinent part, that Diniaco (identified as "Contractor") would
 
 
 4
 "Refer all claims, disputes and other matters in question between the Contractor and the Subcontractor to be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise."
 
 
 5
 Diniaco apparently did not pay Colvin for the work.[1] In December of 1983 Colvin sued Diniaco in the Common Pleas Court of Washington County, Ohio. On January 5, 1984, citing the Ohio Arbitration Act, Diniaco moved to dismiss the action on the ground that the contract required that the dispute be submitted to arbitration. The common pleas court did not dismiss the action, but stayed it to permit arbitration. After a long delay the dispute was heard by a panel of three arbitrators. The panel announced its decision in April of 1987, awarding $175,541 to Colvin and denying Diniaco any recovery. Diniaco did not pay the award.
 
 
 6
 On June 3, 1987, Colvin filed a motion in the common pleas court to confirm the arbitral award and reduce it to judgment. Diniaco did not respond to the motion, but on June 22, 1987, Diniaco filed a "Complaint (Petition) to Vacate, Modify And/Or Correct Arbitration Award" in the United States District Court for the Southern District of Ohio.
 
 
 7
 On June 29, 1987, the common pleas court heard argument on Colvin's motion to reduce the award to judgment. Counsel for Diniaco appeared and argued. On July 7, 1987, the common pleas court granted Colvin's motion to confirm the award, entering a money judgment for Colvin. Diniaco appealed to the Ohio Court of Appeals. The appeal has not yet been decided, and the judgment has been stayed pending appeal.
 
 
 8
 On August 10, 1987, Colvin moved to dismiss Diniaco's federal court action. In February of 1988 the district court granted the motion to dismiss, and this appeal followed.
 
 II
 
 9
 The federal district court clearly had subject matter jurisdiction over the action commenced by Diniaco in that court. It is equally clear that the Ohio state courts had jurisdiction over the suit filed by Colvin there.[2] Although the exercise of concurrent jurisdiction over the same subject matter is surely undesirable, the existence of pending state litigation does not normally absolve a federal court of its "virtually unflagging obligation" to take jurisdiction when that jurisdiction is properly invoked. Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976).
 
 
 10
 This basic principle is not without its exceptions. In addition to creating various "abstention" doctrines (see Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941), Burford v. Sun Oil Co., 319 U.S. 315 (1943), Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959), and Younger v. Harris, 401 U.S. 37 (1971)), the Supreme Court has declared that even where it is inappropriate for a federal court to "abstain" from exercising its jurisdiction, exceptional circumstances may still require the court to "defer" to a state court in which parallel litigation is pending. Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Like the Seventh Circuit, "[w]e abide by that distinction here, while making no claim that we understand it." Medema v. Medema Builders, Inc., 854 F.2d 210, 212 n. 1 (7th Cir.1988).
 
 
 11
 The first prerequisite for Colorado River deference is the existence of parallel federal and state proceedings involving the same subject matter. If no parallel state proceeding is pending, Colorado River is inapplicable. See Crawley v. Hamilton County Commissioners, 744 F.2d 28, 31 (6th Cir.1984). The state and federal proceedings involved in this case are clearly parallel. Both concern the same underlying business dispute, the submission of that dispute to arbitration, and the validity of the arbitration award. Both proceedings, moreover, were pending at the same time. See note 2, supra.
 
 
 12
 Colorado River articulated a number of factors to be considered in determining whether the federal court ought to defer to pending state court litigation. The most significant, on the facts before us here, are whether deference to the state court would further the objective of avoiding piecemeal litigation, whether the state proceeding was brought first, and whether more progress has been made in the state forum than in the federal one. 424 U.S. at 818. A later Supreme Court decision applying Colorado River identified at least two additional factors relevant here: whether state law provides the rule of decision and whether federal rights will be left underprotected if the federal court defers. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 23, 26 (1983).
 
 
 13
 The factor that Moses H. Cone described as "paramount," 460 U.S. at 19, is the desirability of avoiding piecemeal litigation. That factor weighs heavily in favor of the decision reached by the district court in the case at bar. For both the federal district court and the state common pleas court to focus simultaneously on the same questions would be piecemeal litigation in spades.
 
 
 14
 The curbstone equities do not favor Diniaco in this situation. Diniaco could have removed the original state court action to federal court on the basis of diversity of citizenship. Diniaco made no attempt to do so, but sought instead to have the state case dismissed under the state arbitration act. When the arbitrators issued an award in favor of Colvin, Diniaco turned around and sued in federal court to block enforcement of the award. At the same time Diniaco appealed the state common pleas court judgment to the state court of appeals. The upshot of all this is that Diniaco is asking the federal court to commit its limited resources to resolution of the same underlying dispute in which the parties have been engaged under state court aegis for several years now.
 
 
 15
 Diniaco's failure to mention the United States Arbitration Act in the initial state court proceeding and its failure to remove the state proceeding to the federal court belie its professed concern that it seeks to protect its federal substantive rights under the United States Arbitration Act. There is no reason to suppose that Diniaco's federal rights will go unprotected in the Ohio courts in any event.
 
 
 16
 As the Supreme Court noted in Moses H. Cone, the Arbitration Act reflects a "statutory policy of rapid and unobstructed enforcement of arbitration agreements." 460 U.S. at 23. In Cone, that policy was best served by the federal court exercising its jurisdiction and ordering the parties to submit to arbitration. In the case at bar, by contrast, the policy is best served by the federal court deferring to the state courts and declining to provide a second forum in which the dissatisfied litigant can attempt to avoid the arbitral award. The Cone court recognized, moreover, "that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under Colorado River." 460 U.S. at 17 n. 20. This consideration too militates in favor of deference here.
 
 
 17
 We certainly cannot say the district court abused its discretion in deferring to the state courts. Accordingly, we need not consider Colvin's alternative argument that dismissal was required on res judicata grounds.
 
 III
 
 18
 Diniaco's remaining contentions need not detain us long. Diniaco argues that the dismissal of its action in the district court deprived it of its due process rights under the Fourteenth Amendment, Diniaco having had no opportunity to be heard "at a meaningful time and in a meaningful manner." This argument will not wash. Diniaco had the right to remove the common pleas court action to federal court, but that right was waived. Diniaco could have moved to vacate, modify, or correct the arbitration award in state court, but chose not to do so. And Diniaco still has an appeal pending before the Ohio Court of Appeals. The Fourteenth Amendment does not guarantee litigants the right to be heard ad infinitum in one court after another.
 
 
 19
 Diniaco also contends that the Anti-Injunction Act, 28 U.S.C. Sec. 2283, required the district court to enjoin all pending state court proceedings concerning the subject matter of this litigation. As the title of the Act suggests, the argument has no merit. The Act provides, in pertinent part:
 
 
 20
 "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." (Emphasis supplied.)
 
 
 21
 No Act of Congress expressly authorized an injunction here, and no injunction was "necessary in aid of [the district court's] jurisdiction." The district court could not properly have granted an injunction "to protect or effectuate its judgments," since there was no district court judgment to protect or effectuate.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable Richard Enslen, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In the present posture of the case, it is unnecessary to consider the details of the parties' business dispute. Even if that were not so, we would have to ignore Diniaco's references to facts and documents that were not before the district court
 
 
 [2]
 Diniaco contends that the common pleas court somehow lost jurisdiction over the original action and could not entertain Colvin's motion to confirm the arbitral award without a new lawsuit having been initiated. The common pleas court evidently was not of that view, and we do not find Diniaco's argument persuasive