972 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael T. WHITE, Plaintiff-Appellant,
v.
Terry L. MORRIS, Supt.; Charles Schramm, C.O.; J.P. Seth,
Defendants-Appellees.
 No. 92-3190.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Michael T. White contended that defendants, the superintendent, the mail room supervisor and a corrections officer at the Southern Ohio Correctional Facility, unlawfully interferred with his "legal" mail. White also filed motions for miscellaneous relief, including the appointment of counsel, protective orders, orders compelling discovery, entry of default judgment, cross summary judgment, and leave to file additional authorities.
 
 
 3
 Defendants filed a motion for a stay of the proceedings or, in the alternative, for dismissal. In support of their motion, defendants provided copies of state court pleadings showing that White was pursuing a parallel action in the Ohio state courts.
 
 
 4
 Upon review, we conclude that the district court correctly determined that a stay was inappropriate but that dismissal was warranted in the interests of "wise judicial administration" under the authority of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).
 
 
 5
 The district court properly considered the factors that are relevant to this case. See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 15-16 (1983). There is no res or property involved, and the state and federal courts are equal in their abilities to consider claims under 42 U.S.C. § 1983. Similarly, the federal forum is no less or more convenient than the state forum. However, the state action was commenced two years before White filed his complaint in federal court. The state courts have already reviewed the complaint to determine whether jurisdiction is proper and whether the claims are sufficient to withstand a motion to dismiss for failure to state a claim. At the time White filed his complaint in federal court, the state court of appeals had reversed an order of dismissal by the trial court and remanded the matter for further proceedings on the merits. Because there is a strong interest in conserving judicial resources and avoiding piecemeal litigation, dismissal under the Colorado River doctrine was warranted in this case.
 
 
 6
 White argues that dismissal was erroneous because he had filed a supplemental motion for leave to add parties and claims. Although the Colorado River doctrine presupposes parallel proceedings, there is no support for White's argument that dismissal which is otherwise warranted can be defeated by a motion to add supplemental claims. Moreover, White is not foreclosed from pursuing a separate federal action against a different group of defendants based on conduct occurring after the events which gave rise to the underlying claims. See Crawley v. Hamilton County Comm'rs, 744 F.2d 28, 31 (6th Cir.1984).
 
 
 7
 Finally, the district court did not err by failing to rule on White's pending motions. After it was determined that the action should be dismissed, the requests for relief in the district court were plainly moot.
 
 
 8
 Accordingly, the request for appointment of counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.