**Demitri CARTER, Plaintiff,**

**v.**

**LEDRAPLASTIC SPA,**
**et al., Defendants.**

No. 3:04–0158.

United States District Court,
M.D. Tennessee,
Nashville Division.

April 8, 2004.

Barry R. Weathers, Law Office of Barry Weathers, Nashville, TN, for Demitri Carter, plaintiff.

John R. Wingo, Frost, Brown & Todd, LLC, Nashville, TN, for Ledraplastic SPA, Ball Dynamics International, Inc., M–F Athletic Company, Inc., defendants.

## ORDER

WISEMAN, Senior District Judge.

Before the Court is a Motion to Remand filed by Plaintiff Demitri Carter ("Plaintiff"). (Doc. No. 5.) Plaintiff filed the Motion after Defendant Ledraplastic Spa ("Defendant Ledraplastic") removed this case from state court.[1] (Doc. No. 1.) Defendant Ledraplastic has filed a Response in Opposition to Plaintiff's Motion to Remand. (Doc. No. 6.)

### I. Factual and Procedural History

Plaintiff states that he was a student football player at Middle Tennessee State University ("MTSU") and was participating in a mandatory workout as part of the football program. (Compl.¶ 15.) Plaintiff's workout involved bench pressing two 120–pound dumbbells while balancing on a Gymnic Plus exercise ball. (*Id.* ¶ 16.) Although the ball was allegedly marketed as burst-proof and was intended to be used for the bench press exercise, the ball burst while Plaintiff was using it to workout. (*Id.* ¶¶ 11, 15–16.) Plaintiff fell when the ball burst and he alleges that he suffered devastating and life-altering injuries to his hands and wrists. (*Id.* ¶ 17.)

Plaintiff filed two actions in state court stemming from his injury. In the first action, Plaintiff filed suit in the Circuit Court for the State of Tennessee, Rutherford County ("Circuit Court"), naming as defendants the manufacturer of the Gymnic Plus ball, Ledraplastic, the distributor of the ball, Ball Dynamics International, Inc. ("Defendant Ball"), and the retail seller of the ball, M–F Athletic Company ("Defendant M–F"). (*Id.* ¶¶ 9–11.) In the second action, Plaintiff filed a claim with the Tennessee Claims Commission ("Commission"), alleging claims against the State of Tennessee. On January 7, 2004, the Commission ordered that the second case be transferred to the Circuit Court to be consolidated with the first case. (*See* Pl.'s Mot. to Remand, attach. ex. 1.) The case file was transferred to the Circuit Court on February 10, 2004. (*See id.,* attach. ex. 2.)

On February 26, 2004, Defendant Ledraplastic removed only the first case to federal court on the basis of diversity jurisdiction. (Doc. No. 1.) On March 8, 2004, an Order by the presiding Circuit Court judge administratively closed the first case due to the removal. (*See* Def.'s Resp., attach. ex. 1.) On March 15, 2004, Plaintiff filed a motion in Circuit Court, asking the Court for an order acknowledging that the first and second cases had been consolidated. The Circuit Court granted that motion and entered it *nunc pro tunc*, effective February 10, 2004. (*See id.,* attach. ex. 2.) Notwithstanding the purported consolidation, the second action is still pending in state court.

### II. Motion for Remand

█ Plaintiff argues that there is no basis for federal court jurisdiction and asks this Court to remand the case. Plaintiff's argument turns on whether and at what point the two cases were consolidated. If they were consolidated before removal, diversity jurisdiction is destroyed because both Plaintiff and the State of Tennessee are citizens of Tennessee. *See* 28 U.S.C. § 1332. However, if the cases were not consolidated, there is diversity jurisdiction because Defendant Ledraplastic is a foreign manufacturing company with its principle place of business in Italy.[2]

---

**1.** The Court notes that Defendant Ledraplastic is referred to by Plaintiff as Ledraplastics, while Defendant Ledraplastic refers to itself in the singular. This Court will adopt the nomenclature used by the defendant.

**2.** The general rule is that in cases involving

After carefully reviewing the briefs presented, this Court finds that the cases were not consolidated. The first possible time that the cases could have been consolidated was when the Commission transferred the second case to Circuit Court, where the first case was pending. The Order by the Commission states that the cases were to be consolidated in Circuit Court. However, no consolidation actually occurred. Plaintiff did not move for consolidation in Circuit Court and the Circuit Court did not issue a consolidation order.

■■■ The second point at which the cases could have been consolidated was on March 15, 2004, when the Circuit Court acknowledged that the cases had been consolidated and entered the Order *nunc pro tunc*, effective February 10, 2004. The March 15, 2004 Order, even though it purports to apply retroactively, was not valid. As soon as a notice of removal is filed with the state court, the court is prohibited from proceeding further. 28 U.S.C. § 1446(d); *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 1987 WL 9375, *3 (Tenn. Ct.App.1987); *Buck v. Union Tr. of the Plumbers and Pipefitters Nat'l Pension Fund*, 70 F.R.D. 530 (E.D.Tenn.1975).

Any subsequent action by the state court is void. *See Howes v. Childers*, 426 F.Supp. 358, 360 (D.Ky.1977); 3 Moore's Federal Practice § 107.31[2] ("Any further state court action after the filing of the removal notice is void ..."). Therefore, the Circuit Court had no jurisdiction to entertain a motion in this case after the Notice of Removal was filed with that Court and the March 15, 2004 Order is void. Although the failure to consolidate may have been a mere administrative oversight on the part of the Circuit Court, the Court could not cure the oversight after the Notice of Removal was filed.

Because there was no consolidation, the State of Tennessee is not a party to the instant case. Therefore, removal was proper because the parties to this case are diverse. *See* 28 U.S.C. § 1332; 28 U.S.C. § 1446.

### III. Conclusion

Finally, this Court notes that there are substantial policy considerations, including a waste of judicial resources and the desire to avoid piecemeal litigation, that weigh against these cases being tried separately. However, the Court does not have discretion to decline jurisdiction.[3] *See Colorado*

---

multiple defendants the notice of removal must show that each of the defendants joins in the removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir.2003). However, defendants who have not been served with process are excepted from the rule. *Id.* Defendant Ledraplastic asserts in the Notice of Removal that both Defendant Ball and Defendant M–F are non-resident defendants who have not yet been served. (Notice of Removal ¶ 6.)

**3.** Although the parties did not raise the issue, this Court concludes that the *Colorado River* abstention doctrine cannot be applied properly to this case. The *Colorado River* doctrine is a two part test. *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). First, to determine whether abstention under *Colorado River* is appropriate, the Court must identify a parallel state proceeding. *Romine*

*v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir.1998); *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir.1984). To be parallel, the parties and issues must be substantially the same. *Crawley*, 744 F.2d at 31 (proceedings not parallel when not filed against different defendants and did not involve the same issues of fact). Here, the Plaintiff is the same in both cases, but there are no common defendants. Moreover, because this Court does not have a copy the complaint filed against the State of Tennessee in the second case, it cannot determine how similar the causes of action are. While the factors that a court must consider when deciding whether to abstain weigh heavily in favor of abstention (avoiding piecemeal litigation, etc.), the instant cases do not meet the threshold requirement that they be parallel. Moreover, it does not matter whether the state court proceedings could be later modified to become more similar to the federal

*River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (discussing the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given to them"). For the foregoing reasons, Plaintiff's Motion for Remand is DENIED.

It is so Ordered.

case. *Id.* at 32; *see also GMBB, Inc. v. Travelers Indemnity Co.,* 100 F.Supp.2d 465, 473 (E.D.Mich.2000) (holding that proceedings were parallel when they involved the same parties and issues).