*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0038p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

PATRICK J. DEVLIN,

                *Plaintiff-Appellant,*

      *v.*

No. 09-1376

RICHARD S. KALM, et al.,

                *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 08-13421—John Corbett O'Meara, District Judge.

Argued: December 1, 2009

Decided and Filed: February 12, 2010

Before: GUY, ROGERS, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Patrick J. Devlin, PATRICK J. DEVLIN, P.C., Grand Rapids, Michigan, for Appellant. Ann M. Sherman, Jason D. Hawkins, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellees. **ON BRIEF:** Patrick J. Devlin, PATRICK J. DEVLIN, P.C., Grand Rapids, Michigan, for Appellant. Ann M. Sherman, Barbara A. Schmidt, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellees.

_____

**OPINION**

_____

ROGERS, Circuit Judge. Plaintiff Patrick J. Devlin appeals the district court's decision to dismiss his 42 U.S.C. § 1983 complaint under *Younger v. Harris*, 401 U.S. 37 (1971). The procedural posture of this case does not warrant the application of *Younger*. On remand, however, the district court may consider other possible bases for dismissal or stay.

While employed at the Michigan Gaming Control Board (MGCB), Devlin filed two citizen suits in state court seeking to compel enforcement of the state's liquor licensing laws and the MGCB's employee qualification rules. After newspapers quoted Devlin in articles about these citizen suits, the MGCB terminated Devlin's employment. Devlin filed the present federal suit against various state officials,[1] and, later on the same date, Devlin grieved his termination in the Michigan Civil Services Commission (MCSC).[2] In his MCSC grievance, Devlin alleges that his termination violated state civil service rules, and he seeks reinstatement and back pay, or front pay from his termination date to his planned retirement. The MCSC stayed these proceedings on Devlin's motion. In his federal suit, Devlin alleges that his termination violated his rights under the First Amendment, the Due Process Clause, and state law, and he seeks injunctive and monetary relief.[3] Defendants moved to dismiss Devlin's federal suit based on *Younger*, and the district court dismissed the case on that basis.

Under *Younger*, "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989). The Supreme Court has extended *Younger* to bar federal courts from interfering in some state civil suits and administrative proceedings. *Id.* at 369-72; *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 & n.2 (1986); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). However, *Younger* cases generally have a common procedural posture:

> In the typical *Younger* case, the federal plaintiff is a defendant in ongoing
> or threatened state court proceedings seeking to enjoin continuation of

---

[1] Defendants are Richard S. Kalm (Executive Director, MGCB), Frederick J. Cleland (Deputy Director for Licensing, MGCB), Eric T. Bush (Administrative Manager, MGCB), Dale E. Beachnau (Human Resources Administrator, Michigan Department of Treasury), Michael Davis (Labor Relations Representative, Michigan Department of Treasury), Dominick P. Alagna (Casino Employee Licensing Manager, MGCB), and Janet M. McClelland (Acting State Personnel Director, MGCB).

[2] The MCSC is the state body charged with "mak[ing] rules and regulations covering all personnel transactions, and regulat[ing] all conditions of employment in the classified [state civil] service." Mich. Const. art. XI, § 5.

[3] The district court *sua sponte* declined to exercise supplemental jurisdiction over Devlin's state law claim.

those state proceedings. Moreover, the basis for the federal relief claimed is generally available to the would-be federal plaintiff as a defense in the state proceedings.

*Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 30 (6th Cir. 1984). Therefore, *Younger* does not apply when "the federal plaintiffs are also *plaintiffs* in the state court action" and "the plaintiffs are not attempting to use the federal courts to shield them from state court enforcement efforts." *Id.* (emphasis in original). Accordingly, *Younger* does not prevent the federal court from ruling on Devlin's claims in the present suit because Devlin is the plaintiff in both the federal and state proceedings, and Devlin does not seek to enjoin the state proceedings or otherwise use the federal court to shield him from state enforcement efforts.

This approach follows the Supreme Court's statement in *Ohio Civil Rights Commission* that applying *Younger* to a state administrative proceeding was consistent with the absence of an administrative exhaustion requirement because the ongoing state proceedings in that case were "coercive rather than remedial." 477 U.S. at 627 n.2. Other circuits have accordingly limited *Younger* in § 1983 claims to cases where there are "coercive" state proceedings. *See, e.g.*, *Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508, 522 (1st Cir. 2009) (stating that "post-hoc remedial proceedings initiated by the [federal] plaintiffs [after a state agency's adverse decision] are not the type [of proceeding] to which deference under *Younger* applies. Rather, proceedings must be coercive, and in most-cases, state-initiated, in order to warrant abstention."); *Brown ex rel. Brown v. Day*, 555 F.3d 882, 889 (10th Cir. 2009) (holding that *Younger* does not bar a Medicaid beneficiary's federal suit challenging termination of benefits, though that beneficiary also filed a state action on the same ground, because "[t]he state did not compel [the federal plaintiff] to participate in the [state] proceedings" and "[the federal plaintiff] seeks not to enjoin the state proceedings, but to secure relief from the state's allegedly unlawful conduct by recovering her Medicaid benefits"); *Marks v. Stinson*, 19 F.3d 873, 885 (3d Cir. 1994) (quoting *Crawley* and noting that "[a] federal plaintiff may pursue parallel actions in the state and federal courts so long as the plaintiff does not seek relief in the federal court that would interfere with the state judicial process").

Defendants argue that abstention is appropriate under *Middlesex County Ethics Committee*, 457 U.S. at 423, and *Fieger v. Thomas*, 74 F.3d 740 (6th Cir. 1996). In both cases, an attorney who suffered an adverse decision from the state's lawyer disciplinary body filed a federal suit seeking to enjoin the state proceedings and alleging that those proceedings violated his federal constitutional rights. *Middlesex County*, 457 U.S. at 428-29; *Fieger*, 74 F.3d at 741. In both cases, the federal court declined under *Younger* to rule on the constitutional claims due to the ongoing state proceedings. *Middlesex County*, 457 U.S. at 431-37; *Fieger*, 74 F.3d at 750. These cases do not preclude the federal court from ruling in this case on Devlin's claims because the MCSC proceedings differ from the lawyer disciplinary proceedings at issue in *Middlesex County* and *Fieger*. Those lawyer disciplinary proceedings were initiated by the state to redress a wrong allegedly committed by the federal plaintiff, whereas the MCSC proceedings at issue here were initiated by Devlin, the federal plaintiff, to redress a wrong allegedly committed by the state. Moreover, unlike the federal plaintiffs in *Middlesex County* and *Fieger*, Devlin does not seek to enjoin the MCSC proceedings, but rather seeks consistent forms of relief in federal and state proceedings. Accordingly, *Younger* does not bar the present federal suit. The judgment of the district court is vacated and the case is remanded.

Our decision today takes no position on whether Devlin's case should be dismissed or stayed on other theories, such as abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), or *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). We also decline to rule on Defendant McClelland's alternative motion to dismiss for failure to state a claim upon which relief can be granted because the district court did not comment on this motion. *See Mount Clemens v. EPA*, 917 F.2d 908, 916 n.2 (6th Cir. 1990).